**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 17-62341-CIV-BLOOM

GUCCI AMERICA, INC.,

        Plaintiff,

vs.

2012FASHIONSTORE7, *et al.*,

        Defendants.
_____/

**PLAINTIFF'S *EX PARTE* MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3) AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, Gucci America, Inc. ("Gucci" or "Plaintiff"), hereby moves this Honorable Court, on an *ex parte* basis,[1] for an order authorizing alternate service of process on Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants"), brought pursuant to Federal Rule of Civil Procedure 4(f)(3). In support thereof, Gucci submits the following Memorandum of Law.

---

[1] Gucci is moving for alternate service *ex parte* as Gucci has yet to provide Defendants with notice of this action. Specifically, on November 30, 2017, Gucci filed a Motion to Seal, [ECF No. 4], requesting its Application for Temporary Restraining Order, together with the supporting Declarations and Exhibits, [ECF No. 5], be sealed and remain under seal until the Court has the opportunity to rule on Gucci's Application for Temporary Restraining Order and if granted, the relief ordered therein has been effectuated. Gucci's Motion to Seal and its Application for Temporary Restraining Order are currently pending before the Court. The instant Motion makes reference to Gucci's Application for Temporary Restraining Order, and as such, Gucci seeks to prevent premature disclosure of that filing. However, Gucci is filing this Motion so that, in the event Gucci's Application for Temporary Restraining Order and the instant Motion are granted, Gucci can effectuate service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure simultaneously with providing notice of the Court's order on Gucci's Application for Temporary Restraining Order. (See Declaration of T. Raquel Wiborg-Rodriguez in Support of Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ["Wiborg-Rodriguez Decl."] ¶ 1 n.1, filed herewith.)

**I.     INTRODUCTION**

Gucci is suing Defendants for trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling goods bearing counterfeits of Gucci's registered trademarks within this district and throughout the United States by operating e-commerce stores via the Internet marketplace website, eBay.com ("eBay") under their seller identification names identified on Schedule "A" hereto (the "Seller IDs").

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Gucci requests an order authorizing service of process on Defendants via electronic mail ("e-mail") and via website publication. E-mail and website publication service are appropriate and necessary in this case, because Defendants (1) operate via the Internet, and (2) rely on electronic communications to operate their businesses. Notwithstanding, Gucci still has the ability to contact Defendants directly and provide actual notice of Gucci's claims against them electronically via e-mail. Additionally, Gucci has created a publication website and will be posting copies of the Complaint, this instant Motion, and all other documents filed in this action. Gucci respectfully submits that an order allowing service of process via e-mail and website publication will benefit all parties and the Court by ensuring Defendants receive immediate notice of the pendency of this action and allowing this action to move forward expeditiously. Absent the ability to serve Defendants by e-mail and website publication, Gucci will almost certainly be left without the ability to pursue a remedy.

## II.   STATEMENT OF FACTS

### A.   Defendants Have Valid Means of Electronic Contact.

Defendants operate Internet-based businesses and use electronic means of communication such that Gucci will be able to provide Defendants with notice of this action via e-mail and website publication.  Specifically, Defendants have at least one method of electronic communication, such as the e-mail address provided to Gucci's investigator while conducting business via their respective e-commerce store in the form of a PayPal, Inc. ("PayPal") account. (Wiborg-Rodriguez Decl. ¶ 3.) Additionally, Defendants will be able to receive notice of this action by e-mail via the Internet marketplace platform that Defendants use to conduct their commercial transactions. (See id. at ¶ 4.) As a practical matter, it is necessary for merchants who operate entirely online, such as Defendants, to provide customers with a valid electronic means by which customers may contact the merchants to ask questions about the merchants' products, place orders from the merchants, and receive information from the merchants regarding the shipment of orders.  Further, e-commerce defendants generally must maintain accurate e-mail addresses where their payment processors, such as such PayPal, may communicate with them regarding issues related to the transfer of funds for the payment for goods. Gucci has also created a publication website that will be appearing at the URL http://servingnotice.com/Gvzm2i/index.html, such that anyone accessing the website will find copies of all documents filed in this action. (Wiborg-Rodriguez Decl. ¶ 5.)

In particular, Defendants have provided at least one accurate contact e-mail address in the form of a PayPal account to Gucci's investigator to finalize payment for each of the various products ordered via each of those Defendant's respective e-commerce stores operating under their Seller IDs to that Defendant's respective PayPal account.  (See Declaration of Kathleen Burns in Support of Plaintiff's Application for Temporary Restraining Order ["Burns Decl."] ¶ 4,

incorporated herein by reference.)[2]  Clearly, Defendants' PayPal account e-mail addresses must necessarily be valid, working e-mail addresses; otherwise, Defendants would not be able to process payments through their PayPal accounts.  (See Wiborg-Rodriguez Decl. ¶ 3.)  Indeed, pursuant to PayPal's Electronic Communications Delivery Policy (E-Sign Disclosure and Consent), PayPal account holders consent to receive all communication electronically, including via e-mail, and are required to maintain a valid e-mail address.  (Id.)  If PayPal discovers an e-mail address has become invalid such that electronic communications sent to the e-mail address by PayPal are returned, PayPal may deem the account to be inactive and disable transaction activity until a valid, working e-mail address is provided.  (Id.)  Moreover, Defendants are able to receive notice of this action by e-mail via the Internet marketplace platforms that Defendants use to conduct their commercial transactions.  (See Wiborg-Rodriguez Decl. ¶ 4.)

Furthermore, Gucci has created a publication website that will be appearing at the URL, http://servingnotice.com/Gvzm2i/index.html, whereon copies of the Complaint, this instant Motion, and all other pleadings, documents, and orders issued in this action will be posted, such that anyone accessing the website will find copies of all documents filed in this action. (Wiborg-Rodriguez Decl. ¶ 5.) The address and a link to the publication website will be e-mailed directly to all of Defendants' known e-mail accounts, and will be included upon service of process in this matter upon Defendants. (Id.)

### B.     Defendants Rely on Electronic Communications.

Defendants have structured their e-commerce store businesses so that the sole means for customers to purchase Defendants' counterfeit and infringing goods at issue is by placing an

---

[2] On November 30, 2017, Gucci filed its *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, together with supporting declarations and exhibits (the "Application for Temporary Restraining Order"). Gucci's Application for Temporary Restraining Order, together with declarations and exhibits in support thereof, [ECF No. 5], are all incorporated herein by reference.

4

order over the Internet. Defendants take and confirm orders online as well. (See Burns Decl. ¶ 4 and Comp. Ex. 1 thereto.) Indeed, Gucci's investigator placed an order for a purchase of a Gucci branded product via each Defendant's respective e-commerce store. (See id.) The orders placed by Gucci's investigator while investigating the Seller IDs were processed entirely online, which included providing shipping and billing information, payment, and confirmation of the orders via Defendants' respective Seller IDs. (Id.) Clearly, Defendants rely on electronic means as reliable forms of contact.

### III.   ARGUMENT

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a foreign partnership or other unincorporated association may be served with process in any manner prescribed by Rule 4(f) for serving foreign individuals. Federal Rule of Civil Procedure 4(f)(3), allows a district court to authorize an alternate method for service to be effected upon a foreign defendant, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant. In the present matter, alternate service of process via e-mail and website publication are appropriate given that Defendants have established Internet-based businesses by which they rely on electronic communications for their operation and because of Defendants' decisions to conceal their physical locations. Accordingly, this Court should permit service on Defendants by e-mail and website publication.

#### A.   The Court May Authorize Service via Electronic Mail and Website Publication Pursuant to Federal Rule of Civil Procedure 4(f)(3).

Federal Rule of Civil Procedure 4(h)(2) allows a foreign business entity to be served with process "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3). U.S. Commodity Futures Trading Comm'n v. Aliaga, 272 F.R.D. 617, 619 (S.D. Fla. 2011). A foreign partnership or other unincorporated association can therefore be served

pursuant to Rule 4(f)(3). Id. Federal Rule of Civil Procedure 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court. See Prewitt Enters., Inc. v. The Org. of Petrol. Exporting Countries, 353 F.3d 916, 923 (11th Cir. 2003). See also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007); Rio Props. Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002).  In fact, "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." Chanel, Inc. v. Zhixian, 2010 WL 1740695, at *2 quoting Rio Props., 284 F.3d at 1014 (citing Mayoral–Amy v. BHI Corp., 180 F.R.D. 456, 459 n.4 (S.D. Fla. 1998)).

The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the District Court. Prewitt Enters., Inc., 353 F.3d at 921; Rio Props., 284 F.3d at 1116. See, e.g., Brookshire Bros., Ltd., 2007 WL 1577771, at *2 (noting that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service"); In re Int'l Telemedia Assocs., 245 B.R. 713, 720 (N.D. Ga. 2000) (noting that Rule 4(f)(3) is designed to allow courts discretion and broad flexibility to tailor the methods of service for a particular case). Rule 4 does not require a party attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under subsection 4(f)(3). Rio Props., 284 F.3d at 1114-15; see also Brookshire Bros., Ltd., No. 05-CIV-21962, 2007 WL 1577771, at *1 (S.D. Fla. May 31, 2007).

In Brookshire, the Honorable Judge Marcia G. Cooke allowed substitute service on a party's attorney pursuant to Rule 4(f)(3) holding as follows:

6

> Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f) and each subsection is separated from the one previous merely by the simple conjunction 'or.' Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates the primacy, and certainly Rule 4(f)(3) indicates no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

Brookshire Bros., Ltd., 2007 WL 1577771, at *1 (quoting Rio Props., 284 F.3d at 1015). Accord TracFone Wireless, Inc. v. Bitton, 278 F.R.D. 687, 692 (S.D. Fla. Jan. 11, 2012) (noting that, in regards to Rule 4(f)(3), "there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive "or," are meant to be read as a hierarchy."). Judge Cooke further held, "[t]he invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief." Brookshire Bros., Ltd., 2007 WL 1577771, at *2.

Additionally, the Constitution itself does not mandate that service be effectuated in any particular way. Rather, Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Brookshire Bros., Ltd., 2007 WL 1577771, at *1 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)); see also TracFone Wireless, Inc., 278 F.R.D. at 692; Rio Props., 284 F.3d at 1016. Accordingly, federal courts have allowed a variety of alternative service methods, including service by e-mail and website publication, where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action. See, e.g., Rio Props., 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); In re Int'l Telemedia Assocs., 245 B.R. at 721 ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them.");

7

National Association for Stock Car Auto Racing, Inc. v. Does, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (in "acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for publication was [Plaintiff's Website].").

Here, service on Defendants by e-mail and website publication will satisfy due process by apprising them of the action and giving them the opportunity to answer Gucci's claims. Gucci has recently verified that each Defendant has at least one operational form of electronic contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with that Defendant, and consequently, the most reliable means of providing Defendants with notice of this action. (Wiborg-Rodriguez Decl. ¶¶ 3-4; Burns Decl. ¶ 4.) Moreover, service via publication will be an additional source of reliability as Defendants will be able to see copies of the Complaint and all other documents in this matter electronically via their Internet browser. (Wiborg-Rodriguez Decl. ¶ 5.)

E-mail service on an online business defendant is appropriate and constitutionally acceptable in a case such as this when the plaintiff has proven that e-mail is the most effective means of providing the defendant notice of the action. See Rio Properties, 284 F.3d at 1017 (concluding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]."). See also Popular Enters., LLC v. Webcom Media Group, Inc., 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult

cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts") (citation omitted). The Rio Properties and Popular Enters., LLC courts each determined e-mail service to be appropriate in part because, as in this case, the defendants conducted their businesses over the Internet, used e-mail regularly in their businesses, and encouraged parties to contact them via e-mail. See id.

In cases that are factually similar to this one, a number of Courts have held that alternate forms of service pursuant to Rule 4(f)(3), such as e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." See TracFone Wireless, Inc., 278 F.R.D. at 693 (finding that service of process by e-mail was reasonably calculated to apprise defendant of the action and give it an opportunity to respond); Popular Enters., LLC, 225 F.R.D. at 563 (same); Chanel, Inc. v. Zhixian, Case No. 10-cv-60585-JIC, 2010 WL 1740695 (S.D. Fla. April 29, 2010) (e-mail service "reasonably calculated to notify Defendants of the pendency of this action and provide him with an opportunity to present objections."); In re Int'l Telemedia Associates, 245 B.R. at 722 ("A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party" (concluding e-mail and facsimile service to be appropriate)); Chanel, Inc. v. Zhibing, Case No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010) (stating that e-mail service has the "greatest likelihood" of reaching e-commerce merchants and noting, "The federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages." Alternate service via e-mail granted).[3] Gucci submits that

---

[3] See Mycoskie, LLC v. 0.HK614, Case No. 17-cv-61985-BB (S.D. Fla. Oct. 13, 2017) (Order granting alternative service, *inter alia*, via email); Michael Kors, L.L.C. v. Akon Ahzhe, Case No. 17-cv-61820-BB (S.D. Fla. Setp. 25, 2017) (same); Chanel, Inc. v. Efank, Case No. 17-cv-61529-BB (S.D. Fla. Aug. 4, 2017) (same); Fendi Adele, S.r.l. v. Adam Vibbert, Case No. 17-cv-

9

allowing e-mail service in the present case is appropriate and comports with constitutional notions of due process, particularly given Defendants' decisions to conduct their illegal businesses using the Internet and utilizing e-mail as a primary means of communication.

Additionally, service of a defendant via publication on a website has been deemed an appropriate means of service by publication. National Association for Stock Car Auto Racing, Inc. v. Does, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008).[4] A proposed method of publication need only be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." National Association for Stock Car Auto Racing, Inc. v. Does, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 315-16, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). In National Association for Stock Car Auto Racing, Inc. v. Does, the United States District Court for the Western District of North Carolina determined that the plaintiff could serve "Doe" defendants and apprise those defendants of a pending preliminary injunction hearing via publication on the plaintiff's website. Id.

---

61907-BB (S.D. Fla. June 8, 2017) (same); Mycoskie, LLC v. Csmlong188, Case No. 17-cv-60782-BB (S.D. Fla. May 1, 2017) (same); Audemars Piguet Holding SA v. KKKwatch.com, Case No. 17-cv-60517-BB (S.D. Fla. April 5, 2017) (same). See also Yeti Coolers, LLC v. Taneil George, Case No. 17-cv-62215-WPD (S.D. Fla. Nov. 16, 2017) (same); Gucci America, Inc. v. ARK DAVIS, Case No. 17-cv-61860-CMA (S.D. Fla. Sept. 26, 2017) (same); Breitling U.S.A. Inc. v. 3C electronic, Case No. 17-cv-60519-UU (S.D. Fla. April 6, 2017) (same).

[4] See also Mycoskie, LLC v. 0.HK614, Case No. 17-cv-61985-BB (S.D. Fla. Oct. 13, 2017) (Order granting alternative service via e-mail and website publication service); Michael Kors, L.L.C. v. Akon Ahzhe, Case No. 17-cv-61820-BB (S.D. Fla. Setp. 25, 2017) (same); Chanel, Inc. v. Efank, Case No. 17-cv-61529-BB (S.D. Fla. Aug. 4, 2017) (same); Fendi Adele, S.r.l. v. Adam Vibbert, Case No. 17-cv-61907-BB (S.D. Fla. June 8, 2017) (same); Mycoskie, LLC v. Csmlong188, Case No. 17-cv-60782-BB (S.D. Fla. May 1, 2017) (same); Audemars Piguet Holding SA v. KKKwatch.com, Case No. 17-cv-60517-BB (S.D. Fla. April 5, 2017) (same). See also Yeti Coolers, LLC v. Taneil George, Case No. 17-cv-62215-WPD (S.D. Fla. Nov. 16, 2017) (same); Gucci America, Inc. v. ARK DAVIS, Case No. 17-cv-61860-CMA (S.D. Fla. Sept. 26, 2017) (same); Breitling U.S.A. Inc. v. 3C electronic, Case No. 17-cv-60519-UU (S.D. Fla. April 6, 2017) (same).

Accordingly, Gucci has created a website that will be appearing at the URL http://servingnotice.com/Gvzm2i/index.html, whereon copies of the Complaint, this instant Motion, and all other pleadings, documents, and orders issued in this action will be posted. (Wiborg-Rodriguez Decl. ¶ 5.) The address and a link to the publication website will be e-mailed directly to all of Defendants' known e-mail accounts, and will be included upon service of process in this matter. (Id.) Gucci respectfully submits that publication of the Summonses and Complaint at the http://servingnotice.com/Gvzm2i/index.html website would provide publication notice to Defendants sufficient to meet the due process requirements for service of process pursuant to Federal Rule of Civil Procedure 4, apprise Defendants and any other interested parties of the pendency of this action, and afford Defendants opportunity to present their objections.

      **B.**    **E-mail and Publication Service Are Not Prohibited by International Agreement.**

Service via e-mail and website publication is not prohibited by international agreement. Based upon the information contained on Defendants' actual Internet website and e-commerce marketplace stores, such as shipping and payment information, and the investigative data provided thereunder, Gucci has good cause to suspect Defendants are residing in the People's Republic of China ("China"), the Republic of Korea ("Korea"), or other foreign jurisdictions, and/or redistribute products from sources in those locations. (Wibrog-Rodriguez Decl. ¶ 6.) China, Korea, and the United States are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention").  (Wibrog-Rodriguez Decl. ¶ 7 and Composite Exhibit "1" attached thereto, Hague Service Convention and list of signatory Members.) However, the Hague Service

Convention does not preclude the Court from authorizing service of process via e-mail or website publication.

Alternative means of service, such as e-mail and publication, are not prohibited by the Hague Service Convention where a signatory nation has not expressly objected to those means. See Stat Med. Devices, Inc. v. HTL-Strefa, Inc., Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention is limited to the forms of service expressly objected to).[5] Article 10 to the Hague Service Convention allows service of process through means other than a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means. See Hague Convention, Art. 10, 20 U.S.T. 361 (1969). China and Korea have objected to the alternative means of service outlined in Article 10. (Wibrog-Rodriguez Decl. ¶ 7 and Composite Exhibit "1" thereto, a true and correct printout of China's and Korea's respective Declaration/Reservation/Notification in regards to the Hague Convention.) However, that objection is specifically limited to the means of service enumerated in Article 10. "Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]." Gurung v. Malhotra, 279

---

[5] See Mycoskie, LLC v. 0.HK614, Case No. 17-cv-61985-BB (S.D. Fla. Oct. 13, 2017) (authorizing e-mail and website publication service, noting an objection to the alternative means of service provided by the Hague Convention "is expressly limited to those means and does not represent an objection to other forms of service, such e-mail or publication."); Michael Kors, L.L.C. v. Akon Ahzhe, Case No. 17-cv-61820-BB (S.D. Fla. Setp. 25, 2017) (same); Chanel, Inc. v. Efank, Case No. 17-cv-61529-BB (S.D. Fla. Aug. 4, 2017) (same); Fendi Adele, S.r.l. v. Adam Vibbert, Case No. 17-cv-61907-BB (S.D. Fla. June 8, 2017) (same); Mycoskie, LLC v. Csmlong188, Case No. 17-cv-60782-BB (S.D. Fla. May 1, 2017) (same); Audemars Piguet Holding SA v. KKKwatch.com, Case No. 17-cv-60517-BB (S.D. Fla. April 5, 2017) (same). See also Yeti Coolers, LLC v. Taneil George, Case No. 17-cv-62215-WPD (S.D. Fla. Nov. 16, 2017) (same); Gucci America, Inc. v. ARK DAVIS, Case No. 17-cv-61860-CMA (S.D. Fla. Sept. 26, 2017) (same); Breitling U.S.A. Inc. v. 3C electronic, Case No. 17-cv-60519-UU (S.D. Fla. April 6, 2017) (same).

F.R.D. 215, 219 (S.D.N.Y. 2011); see also WhosHere, Inc. v. Orun, Case No. 13-cv-00526-AJT, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va. Feb. 20, 2014) (authorizing e-mail service, noting objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10.").

      Moreover, an objection to the alternative means of service provided in Article 10 does not represent a *per se* objection to other forms of service, such e-mail or publication. See In re S. African Apartheid Litig., 643 F. Supp. 2d 423, 434, 437 (S.D.N.Y. 2009) (requiring express objection to alternative method of service by signatory nation to preclude that particular means of service). Consequently, an objection to the means of alternative service provided in Article 10 is no bar to court-directed service and does not prevent this Court form authorizing alternative service of process via e-mail or publication. See, e.g., Gurung, 279 F.R.D. at 220 (approving service of process on foreign defendants via e-mail despite India's objection to Article 10, stating that an "objection to service through postal channels does not amount to an express rejection of service via electronic mail."); Stat Med. Devices, Inc., 2015 U.S. Dist. LEXIS 122000 at *8-9 (permitting service of process on foreign defendants via e-mail despite Poland's objection to Article 10, noting "This Court and many other federal courts have permitted service by electronic mail and determined that an objection to Article 10 of the Hague Convention . . . does not equate to an express objection to service via electronic mail."); FTC v. PCCare247 Inc., Case No. 12-cv-7189-PAE, 2013 U.S. Dist. LEXIS 31969, at * 10 (S.D.N.Y. March 7, 2013) (authorizing service of process via e-mail and Facebook, explaining that "Numerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10."); WhosHere, Inc., 2014 U.S. Dist. LEXIS 22084 (authorizing service of process on foreign defendants via e-mail

despite Turkey's objection to Article 10); Richmond Techs., Inc. v. Aumtech Bus. Solutions, Case No. 11-CV-02460-LHK, 2011 U.S. Dist. LEXIS 71269 (N.D. Cal. July 1, 2011) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff, Gucci America, Inc., respectfully requests this Court grant the present motion and authorize service of the Complaint, Summonses, and all pleadings and discovery in this matter upon each Defendant in this action:

(1) via the e-mail accounts provided by that Defendant (i) as part of the data related to its e-commerce store, including by onsite contact forms, or (ii) via the e-commerce platform e-mail for each of the e-commerce stores, or

(2) via publication by posting copies of the Complaint, Summonses, and all subsequent pleadings and discovery on Gucci's serving notice website appearing at the URL http://servingnotice.com/Gvzm2i/index.html.

DATED: December 1, 2017.          Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **s/T. Raquel Wiborg-Rodriguez**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar. No. 103372)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: Stephen@smgpa.net
E-mail: Leo@smgpa.net

       E-mail: Raquel@smgpa.net

       Attorneys for Plaintiff, Gucci America, Inc.

## SCHEDULE "A"
## DEFENDANTS BY NUMBER, SELLER ID, AND E-MAIL ADDRESS

| Def. No. | Seller ID Name | E-mail Address |
|---|---|---|
| 1 | 2012fashionstore7 | danyangtina2012@gmail.com |
| 1 | dji2016 | happyshopinggo2014@gmail.com |
| 1 | shining5star2011 | daisyfighting2011@gmail.com |
| 2 | 17jingerfushi | zhangtengxue2016@hotmail.com |
| 3 | 8_20839 | dgsb265186@163.com |
| 4 | angelkiss*520 | chunxian168@outlook.com |
| 5 | anyu8899 | fashionman628@163.com |
| 6 | babyonline_01 supermark2016 | zhangmiaozd@hotmail.com |
| 7 | bayprabow0 | bayumprabowo2@gmail.com |
| 7 | fertena-0 | feratenan9990@gmail.com |
| 7 | herlinekayuli_0 | herlinay72@gmail.com |
| 7 | newcoverscustom | custombaycovers@gmail.com |
| 7 | rudidewantor_0 | RNDewantoro@gmail.com |
| 8 | best-gift | kkokdoc@hotmail.com collegboy2007@hotmail.com |
| 9 | boiling-art | langmonkey@hotmail.com |
| 9 | meetyou520 | langmonkey@hotmail.com |
| 10 | change2020 | xinmrping2611@163.com |
| 11 | chen-o or2017 | maylo5@walla.com |
| 12 | chinesehotdress | 787719301@qq.com lolitababy45678@gmail.com |
| 13 | cn2015-xiaog | zhangxiaogou1@hotmail.com |
| 14 | creativelife888 | guoyun888@outlook.com |
| 15 | daniarde_0 | danisardea71@gmail.com |
| 16 | diyuanzhiyi666 | weidi771@126.com |
| 17 | easy.shopping | Miss_liu1989@163.com |
| 18 | esunshine1581 | sunshinego.2389@hotmail.com |
| 19 | fctchaotian-9 | fctchaotian@126.com |
| 20 | firstagaintecs | firstagaintec02@outlook.com |
| 21 | gimasin-0 | gimansing000@gmail.com |
| 22 | guomiao5218 | jiayou201789@163.com |
| 23 | jiaxuan168 | hanjiaxuan001@126.com |
| 24 | jingghu_0 | jinggohuu767@gmail.com |
| 25 | khusnukhatima-0 | kkhatimah86@gmail.com |
| 26 | lcsshaozi | liuli1989115@163.com |

| Def. No. | Seller ID Name | E-mail Address |
|---|---|---|
| 27 | leche666 | nashkimberly933@gmail.com |
| 28 | loveme518<br>manclothing618 | liuyao19880128@163.com |
| 29 | menswear1616<br>pursuebt866 | 13957922974@163.com |
| 30 | no1mensclub | 13617938815@163.com |
| 31 | pws-7_3 | hejiap201702@outlook.com |
| 32 | pyqiu189 | zhaomin86@163.com |
| 33 | reira57 | tomcat57@naver.com |
| 34 | sandysdreamshop88 | 18070561305@163.com |
| 35 | shunyi6668<br>voguemenparty9816 | huangtaifeng2013@163.com |
| 36 | wangzhengang1989 | zhengang198903@163.com |
| 37 | wanmei.2017 | wanmei_2017@hotmail.com |
| 38 | xinyibiaoshi666<br>yifanfengshun-886 | 3523798141@qq.com |
| 39 | yudage9994 | yudage999@163.com |
| 40 | yue.us7 | josephcheng63061@gmail.com |
| 41 | zhx141218 | haoxuan131218@hotmail.com |